```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DOMINGO RODRIGUEZ, et al.,

        Plaintiffs,

   -v-                                            No.  11 Civ. 5534 (LTS)(KNF)

ATHENIUM HOUSE CORP., and ANDREWS
BUILDING CORP.,

        Defendants.

-------------------------------------------------------x
```

MEMORANDUM OPINION AND ORDER

Plaintiffs, Domingo Rodriguez ("Plaintiff" or "Rodriguez") and Jennifer Rodriguez (collectively, "Plaintiffs"), bring this action against Defendants, Athenium House Corp. and Andrews Building Corp. (collectively, "Defendants"), seeking damages for personal injuries to Plaintiff Domingo Rodriguez and damages for Plaintiff Jennifer Rodriguez's loss of consortium.  Rodriguez's injuries were allegedly sustained when a bulletin board hanging in the lobby of Defendants' apartment building fell and struck him on the head and back.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Before the Court is Defendants' motion for summary judgment and dismissal of the complaint.  The Court has considered thoroughly all of the parties' submissions in connection with this motion and, for the following reasons, Defendants' motion for summary judgment is granted.

BACKGROUND

Unless otherwise indicated, the following facts are undisputed.  Defendant

Athenium House Corporation ("Athenium") owns an apartment building located at 11 East 54th St., New York, NY. (Defs.' 56.1 Stmt. ¶¶ 1-2.) Defendant Andrews Building Corp. ("Andrews"), manages the premises, which consist of ten residential apartments, a single space leased to a commercial tenant, and a ground floor lobby. (Defs.' 56.1 Stmt. ¶¶ 2, 7.)

In 2006, Athenium decided to renovate the building's ground floor lobby. (Defs.' 56.1 Stmt. ¶ 7.) Athenium delegated to Paramount Antiques (its commercial tenant at the time), the responsibility of hiring an independent contractor to perform the renovations and the responsibility of supervising the independent contractor's work. (Defs.' 56.1 Stmt. ¶¶ 8, 9; Pl.s' 56.1 Stmt. ¶ 10.) In conjunction with the renovation, Athenium produced architectural drawings specifying the general layout of the new lobby, including the location of the building's mailboxes and a bulletin board. (Pl.s' 56.1 Stmt. ¶ 12.)

The bulletin board was ultimately placed above the building's mailboxes, which were next to the stairwell entrance and a short distance from the elevator . (Defs.' 56.1 Stmt. ¶ 15.) The board consisted of a sheet of cork with a metal frame and a plexiglass cover, which opened like a door and could be locked from the outside. (Pl.s' Decl. In Opp. ¶ 7.) Athenium's president, Howard Zien, and an Athenium board member, Kathleen Seltzer, testified that Athenium did not interact with the independent contractor and that, beyond selecting the model of bulletin board and directing that the board be installed above the mailboxes, Athenium was not involved in the board's installation. (Defs.' 56.1 Stmt. ¶ 9; Pl.s' 56 Stmt. ¶ 30.)

Howard Zien possessed the only key to unlock the board's plexiglass cover. (Defs.' 56.1 Stmt. ¶ 14.) Mr. Zien testified that he regularly opened the plexiglass to post notices for roughly a year after the board was installed. (Pl.s' 56.1 Stmt. ¶ 29.) After that time, Mr. Zien began to post notices directly on to the plexiglass. (Pl.s' 56.1 Stmt. ¶ 29.) Mr. Zien

testified that the board appeared to be firmly secured to the wall at all times prior to the accident and that he never noticed anything about the board that would indicate the existence of a potential hazard. (Defs.' 56.1 Stmt. ¶ 21.) Athenium asserts that it never received any complaints about the board prior to the accident. (Defs.' 56.1 Stmt. ¶ 23.)

In the summer of 2010, Athenium hired various independent contractors to complete a renovation of the building's second floor, as well as an overhaul of the apartment's elevator. (Pl.s' 56 Stmt. ¶¶ 56, 62.) While these renovations were in progress, postal worker Renee Avent, who visited the building as part of her regular mail route, testified to seeing the bulletin board on the floor on several occasions. (Pl.s' 56.1 Stmt. ¶¶ 58.) Ms. Avent also testified that, on one such occasion, she saw the board leaning against what appeared to be the construction workers' materials. (Pl.s' 56.1 Stmt. ¶ 59.) Ms. Seltzer, the board member, testified that she too saw the board on the floor during this time period. (Pl.s' 56.1 Stmt. ¶ 66.) However, Ms. Seltzer did not observe any screws, bolts, or other materials that may have been used to attach the board to the wall. (Pl.s' 56.1 Stmt. ¶ 66.) At some point between the beginning of summer of 2010 and September 2, 2010, the board was re-attached to the wall. (Pl.s' 56.1 Stmt. ¶ 73.) There is no evidence in the record of how the board was reinstalled or that Athenium was aware of or responsible for the board's reinstallation. (Defs.' 56.1 Stmt. ¶ 17.)

On September 2, 2010, Plaintiff, a mail carrier, was delivering mail to the building, when the bulletin board came loose from the wall and fell on top of him, causing him to sustain personal injuries. (Pl.s' 56.1 Stmt. ¶ 78.) Plaintiff has proffered the expert testimony of Michael Kravitz, who concluded that the board was inadequately installed after he examined the board and the area of the wall where it was affixed prior to the accident. (Pl.s' 56.1 Stmt.

¶¶ 68-77.)

DISCUSSION

Summary judgment shall be granted in favor of the moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . [T]he non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Caldarole v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002).

Plaintiffs argue that Defendants' negligence in installing the bulletin board was the cause of Rodriguez's injuries. A property owner may be liable for damages if the property owner "created or had actual or constructive notice of the hazardous condition that precipitated the injury." DiNunzio v. Ken-jil Elec. Contractors, Inc., 473 F. Supp. 2d 485, 487 (S.D.N.Y 2007). As an initial matter, Plaintiffs, through the testimony of their expert Michael Kravitz, have proffered sufficient evidence such that a reasonable jury could find that the bulletin board was inadequately installed and that, accordingly, a hazardous condition existed. Defendants argue, however, that they did not create the hazardous condition and that they lacked actual or constructive notice that any such hazardous condition existed.

First, Defendants assert an "independent contractor defense," arguing that they did not create the "hazardous condition" (i.e. the defectively installed bulletin board), because the board was installed by an independent contractor rather than an employee.[1] See Santiago v.

---

[1] Plaintiffs argue that Defendants are liable under MDL § 78, which imposes a non-delegable duty upon the owner of premises to keep the premises in good repair. McKinney's Mult. Dwell. Law § 78 (McKinney 2013). Because liability under that statute is predicated upon a showing that a defendant created a hazardous condition or

Spinuzza, 851 N.Y.S.2d 322, 323 (N.Y. App. Div. 2008) (owner of a building that "hires an independent contractor is not liable for the independent contractor's negligent acts").  In the context of tort liability, the critical factor in determining whether a person is an employee or a contractor is the control over the methods or means by which the work is to be completed.  Berger v. Dykstra, 610 N.Y.S. 2d 401, 402 (N.Y. App. Div. 1994).  "The mere retention of general supervisory powers over an independent contractor cannot form a basis for the imposition of liability against the principal."  Goodwin v. Comcast Corp., 840 N.Y.S. 2d 781, 782 (N.Y. App. Div. 2007).  Here, the record is clear that Defendants' participation in the installation of the board was limited to selecting the type of board to be installed and the board's location inside the lobby.  Athenium's board members testified that Athenium did not interact with the independent contractor and that Athenium did not control, or in any way influence, the manner in which the contractor attached the board to the wall.  Given the lack of evidence that Defendants exercised more than "general supervisory powers" over the independent contractor, the Court finds that Plaintiffs cannot sustain their burden of demonstrating that Defendants created the hazardous condition at issue.

Defendants next argue that they had no actual or constructive notice of the alleged hazardous condition and point to testimony of Athenium's board members that Athenium never received any complaints about the board and that, prior to the accident, the board appeared to be adequately secured to the wall.  (Defs.' Exhibit L, Zien Aff. ¶ 13; Defs.' Exhibit F, Zien Dep. ¶¶ 36-37.)  While Plaintiffs do not dispute that Defendants lacked actual notice of the hazardous condition, they assert that triable issues of fact exist as to whether Defendants had constructive

---

had actual or constructive notice of a hazardous condition, the Court need not address this argument separately.

notice: (1) because the hazardous condition may have been visible to Mr. Zien when he posted notices on the board; and (2) because the hazardous condition may have been visible during the time that the board was removed from the wall prior to the accident.  The Court finds both of Plaintiffs' arguments insufficient to defeat summary judgment.  "To constitute constructive notice, a defect must be visible and apparent and exist for a sufficient length of time . . . to permit [the owner] to discover and remedy it." DiNunzio, 473 F. Supp. 2d at 487.  Plaintiffs claim that loosening bolts may have been visible to Mr. Zien while he posted notes either on the inside or on the outside of the board's plexiglass.  However, Mr. Zien testified that it did not seem like there were "any issues at all" regarding the board and that he did not receive any complaints about the board.  (Defs.' Exhibit F, Zien Dep. ¶¶ 36-37; Defs.' Exhibit L, Zien Aff. ¶ 13.)  In light of this testimony, Plaintiffs' speculative assertion that there may have been visible loose bolts is insufficient to avoid summary judgment.  Dulgov v. City of N.Y., 822 N.Y.S. 2d 298, 299 (N.Y. App. Div. 2006) (summary judgment appropriate when school teacher testified that she did not notice anything wrong with a bulletin board, and a janitor testified that he never received complaints about the board).

    Plaintiffs also claim that the board's defective installation became open and apparent during the period in the summer of 2010, prior to the accident, when the board was temporarily removed from the wall.  However, there is no evidence in the record that Defendants were, or should have been, on notice of any defective condition.  To the contrary, Ms. Seltzer and Ms. Avent, the two witnesses who saw the board on the ground, testified that they did not notice any thing abnormal about either the wall or the board.  Plaintiffs have proffered no additional evidence as to the condition of the board during the time it was removed from the wall.  In light of Ms. Seltzer's and Ms. Avent's testimony, and in the absence of any competent,

nonspeculative evidence as to the actual appearance of the wall while the board was down, Plaintiffs' speculative assertion that the hazardous condition of the board became open and apparent while it was removed from the wall fails to raise a triable issue of fact as to whether Defendants had constructive notice of the hazardous condition.[2]

    Plaintiffs next argue that summary judgment is inappropriate because they are entitled to the application of res ipsa loquitur, a "doctrine that enables a jury presented with only circumstantial evidence to infer negligence simply from the fact that an event happened." St. Paul Fire & Marine Ins. Co. v. City of N.Y., 907 F.2d 299, 302 (2d Cir. 1990). Res ipsa loquitur requires the plaintiff to establish the following elements: (1) the accident would not ordinarily occur in the absence of negligence; (2) the injury causing instrumentality must have been within the exclusive control of the defendant; (3) the accident must not have been the result of any negligence on the part of the plaintiff. Dermatossian v. N.Y.C. Transit Auth., 67 N.Y.2d 219, 226 (N.Y. 1986). In this case, the only contested element is whether Defendants exercised exclusive control over the bulletin board. Exclusive control is established where the evidence affords a rational basis for concluding that it is more likely than not that the defendant's negligence caused the accident. Id. "Proof that third parties had access to the instrumentality" generally precludes the application of res ipsa loquitur. De Witt Props., Inc. v. City of N.Y., 406 N.Y.S.2d 16, 21 (N.Y. 1978). Here, far from establishing Defendants' exclusive control over the

---

[2] Plaintiffs also argue that Defendants were negligent because they did not more closely inspect the board and the means of its installation. A defendant's duty to inspect, however, is predicated upon the existence of circumstances that would alert a reasonable person to perform a more thorough inspection. Haleemah v. MRMS Realty Corp., 904 N.Y.S. 2d 862, 872 (N.Y. Sup. Ct. 2010). Here, Plaintiffs have failed to point to any evidence in the record indicating that Defendants knew or should have known of circumstances that would have led a reasonable person to perform a more extensive inspection of the board.

bulletin board, the record indicates precisely the opposite.  During the summer of 2010, while various construction crews were working in the building, two witnesses testified that they saw the board on the ground.  Prior to Plaintiff's accident, the board was reinstalled on the wall.  Defendants have proffered testimony that they neither removed the board from the wall nor reinstalled it, and Plaintiffs have proffered no evidence to the contrary.  (Defs.' Exhibit G, Seltzer Dep. ¶ 42; Defs. Exhibit F, Zien Dep. ¶ 47.)  On the face of the record, it is clear that Defendants lacked exclusive control over the bulletin board and, consequently, Plaintiffs are not entitled to application of res ipsa loquitur.

Plaintiffs have failed to raise a genuine issue of material fact as to whether Defendant, Athenium, had constructive notice of the bulletin board's alleged defective condition.  Plaintiffs have also failed to establish all necessary elements of the doctrine of res ipsa loquitur; thus, they are not entitled to a jury charge under that theory.  The Court has considered thoroughly Plaintiffs' remaining arguments for holding Defendant Athenium liable and finds them to be without merit.  Because Plaintiffs have proffered no additional evidence that the second Defendant, Andrews Building Corp., had notice of the defective condition or exercised control over the injury-causing instrumentality, both Defendants are entitled to summary judgment and dismissal of the complaint.

CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is granted. This Memorandum Opinion and Order resolves docket entry no. 29. The Clerk of Court is respectfully requested to enter judgment and close this case.


Dated: New York, New York
       March 5, 2013

                                                    /S
                                    LAURA TAYLOR SWAIN
                                    United States District Judge