**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DOMINGO RODRIGUEZ and JENNIFER
RODRIGUEZ,

                      Plaintiffs,

          v.

ATHENIUM HOUSE CORP. and
ANDREWS BUILDING CORPORATION,

                    Defendants.

11 CIV. 11-5534 (LTS) (KNF)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE***

The Defendants, Athenium House Corp. and Andrews Building Corporation submit this Memorandum of Law in support of their motion *in limine* to preclude any lay testimony from plaintiff regarding his alleged traumatic brain injury under Fed. R. Evid. 403.

The facts of this case have been extensively briefed for the Court in the various summary judgment and preclusion motions.  Accordingly, for the purpose of judicial economy, the facts will not be recounted here.

## **ARGUMENT**

**1.     Expert Medical Testimony is Required to Establish a Causal Connection Between Plaintiff's Allegation of a Traumatic Brain Injury and the Subject Incident**

It is well settled that where the connection between an injury and the alleged cause is beyond the ken of an average juror, expert medical testimony is required to demonstrate causation. See generally Barnes v. Anderson, 202 F.3d 150, 159 (2d Cir.1999) (holding the when a plaintiff is claiming that a physical injury was caused by an act of the defendant, medical testimony is often required "because the medical effect on the human system of the infliction of injuries is not generally within the sphere of the common knowledge of the lay person") (internal citations omitted); see also Fane v. Zimmer, Inc., 927 F.2d 124, 131 (2d Cir. 1991) ("The issue of causation in … a complicated medical case… was one beyond the sphere of the ordinary juryman and required expert testimony.");   Lisowski v. Reinauer Transp. Co., 2008 WL 794948, at *3 (E.D.N.Y. Mar. 24, 2008) on reconsideration in part, 2009 WL 763602 (E.D.N.Y. Mar. 23, 2009) (Where "the nexus between the injury and the alleged cause would not be obvious to the lay juror," expert medical testimony is required to demonstrate causation.")

Plaintiff's allegation that he suffered a traumatic brain injury is clearly beyond the ken of the average juror. Numerous medical authorities define a "concussion" as a traumatic brain

injury resulting in loss of brain function.  See e.g., Center for Disease Control Definition[1] ([m]ild traumatic brain injury or MTBI—also called concussion… occurs when an impact or forceful motion of the head results in a brief alteration of mental status, such as confusion or disorientation, loss of memory for events immediately before or after the injury, or brief loss of consciousness."); Mayo Clinic Staff, Definition[2] ("A concussion is a traumatic brain injury that alters the way your brain functions."); American Association of Neurological Surgeons, Discussion of Concussion[3] ("A concussion is an injury to the brain that results in temporary loss of normal brain function… [it is] a clinical syndrome characterized by immediate and transient alteration in brain function...").

Because plaintiff is not offering any expert testimony to support his allegation that he suffered a traumatic brain injury or concussion, he cannot demonstrate that the alleged injuries were proximately caused by the subject accident.  See Shambreskis v. Bridgeport & Port Jefferson Steamboat Co., 2008 WL 2001877, at *5 (E.D.N.Y. May 8, 2008) (where plaintiff alleged that he suffered psychiatric, psychological and cognitive problems after being struck on the head with a rubber chock on a ferry, he failed to sustain his burden of proving proximate cause because he "did not call any doctors or medical experts at trial. Moreover, [p]laintiff's medical records d[id] not support his claims."); see also Kaplan v. Karpfen, 57 A.D.3d 409, 410, 870 N.Y.S.2d 21, 21-22 (2008) (granting defendant's motion for summary judgment in medical malpractice action when plaintiff's experts failed to explain "except in conclusory terms how or when the alleged traumatic brain injury occurred, the causal relationship between the injury and

---

[1] Centers for Disease Control and Prevention (CDC), National Center for Injury Prevention and Control. Report to Congress on mild traumatic brain injury in the United States: steps to prevent a serious public health problem. Atlanta (GA): Centers for Disease Control and Prevention; 2003, available at: http://www.cdc.gov/traumaticbraininjury/pdf/mtbireport-a.pdf
[2] Available at http://www.mayoclinic.org/diseases-conditions/concussion/basics/definition/con-20019272.
[3] Available at http://www.aans.org/patient%20information/conditions%20and%20treatments/concussion.aspx.

plaintiff's present behavioral problems"); Guzman v 4030 Bronx Blvd. Assoc. L.L.C, 54 A.D.3d 42, 51-52, 861 N.Y.S.2d 298, 304-05 (2008) ("In the absence of any other witness competent to establish the requisite nexus between the incident … and the injury alleged to have resulted, there is no nonspeculative basis on which a jury could decide that defendant is responsible for [plaintiff's] neurological impairments.") (internal citations omitted). *Cf* Roness v. Fed. Express Corp., 284 A.D.2d 208, 208, 726 N.Y.S.2d 645, 646 (2001) (trial evidence established that plaintiff sustained a brain injury as a result of being struck and knocked to the ground by a Federal Express truck "in view of the extensive medical opinion offered at trial").

**2.    Plaintiff's Lay Testimony Regarding his Alleged Injuries Are Properly Precluded Under Fed. R. Evid. 403**

Notwithstanding the above, it is anticipated that plaintiff will attempt to introduce his own testimony, as a lay witness, to circumvent the requirement of expert testimony.  This includes, but is not limited to, testimony that he was diagnosed with a "concussion," loss of consciousness, and/or sustained a bump on his head following the incident.  Clearly, such testimony will impermissibly lead the jury to believe that he suffered a traumatic brain injury, notwithstanding the lack of medical evidence at the time of trial.

Here, plaintiff's testimony on this issue is properly precluded under Fed. R. Evid. 403 as unduly prejudicial. See Romanelli v. Long Island R. Co., 898 F. Supp. 2d 626, 633 (S.D.N.Y. 2012)  (in workers' compensation action, plaintiff was precluded from testifying that he was exposed to "hazardous contaminants" leading to pulmonary and cardiac problems as he lacked personal knowledge as to the exact nature of the substances to which he was exposed or their impact on his health; "[t]hese constitute opinions which are not rationally based on his perception—or at the very least require scientific or specialized knowledge—and as such are inadmissible."); Henry v. A/S Ocean, 512 F.2d 401, 405-408 (2d Cir. 1975) (trial court's

exclusion of testimony by the plaintiff concerning the cause of his subsequent colds or skin rash, was proper "since lay testimony to the medical fact beyond the witness's knowledge would be entitled to no weight.") (internal citations omitted); <u>Brown v. Cnty. of Albany</u>, 271 A.D.2d 819, 821, 706 N.Y.S.2d 261, 263 (2000) ("Plaintiff's earlier admitted testimony regarding his injuries to his neck, shoulder and back were … properly stricken. Although we agree that he was competent to testify as to his past and present physical condition, where, as here, the alleged soft tissue damage was beyond the observation of the lay jury, competent expert medical testimony was required to causally connect these injuries to the accident.") (internal citations omitted).

## <u>CONCLUSION</u>

Based upon the foregoing, defendants' motion *in limine* should be granted in its entirety.

Dated: New York, New York
June 28, 2015

HAWORTH COLEMAN & GERSTMAN, LLC

By:     Scott Haworth (SH 5890)
       Co-Counsel for Defendants
ATHENIUM HOUSE CORP. and
ANDREWS BUILDING CORPORATION
45 Broadway, 21st Floor
New York, New York 10006
Telephone: (212) 952-1100

and

FUREY, KERLEY, WALSH, MATERA &
CINQUEMANI, P.C.

<u>                    s/                    </u>
By:  Glenn Matera (GM 8439)
Co-Counsel for Defendants
ATHENIUM HOUSE CORP. and
ANDREWS BUILDING CORPORATION
2174 Seaford Avenue
Seaford, New York 11783
(516) 409-6200

TO: (via ECF)

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiffs
225 Broadway, 24th Floor
New York, New York 10007
Telephone (212) 227-2780

6